IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROY KEYS, JR.                                                      PLAINTIFF

V.                                     NO. 14-3033

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration          DEFENDANT

MEMORANDUM **OPINION**

Plaintiff, Roy Keys, Jr., brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff filed his current applications for DIB and SSI on February 3, 2011, alleging an inability to work since April 20, 2009, due to degenerative disc disease, osteoarthritis, spinal stenosis, three herniated discs, and several bulging discs.  (Tr. 124-125, 131, 165, 169).  An administrative hearing was held on May 11, 2012, at which Plaintiff appeared with counsel and testified. (Tr., 25-58).

By written decision dated December 21, 2012, the ALJ found that during the relevant

time period, Plaintiff had an impairment or combination of impairments that were severe - early

lumbar degenerative disc disease with low back pain. (Tr. 13). However, after reviewing all of

the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal

the level of severity of any impairment listed in the Listing of Impairments found in Appendix

I, Subpart P, Regulation No. 4.(Tr. 14). The ALJ found Plaintiff retained the residual functional

capacity (RFC) to perform the full range of sedentary work as defined in 20 CFR 404.1567(a)

and 416.967(a). (Tr. 14).  With the help of the vocational expert (VE), the ALJ determined that

Plaintiff was unable to perform any past relevant work. (Tr. 18).  The ALJ further determined

that based on a RFC for the full range of sedentary work, considering the Plaintiff's age,

education, and work experience, a finding of "not disabled" was directed by Medical-Vocational

Rule 201.25. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

considered additional information and denied that request on January 31, 2014. (Tr. 1-5).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant

to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now

ready for decision. (Docs. 11, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments

are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole. <u>Ramirez v. Barnhart</u>, 292 F. 3d 576, 583 (8th Cir.

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind

-2-

would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or

-3-

equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  <u>See</u> 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.  <u>See</u> <u>McCoy v. Schneider</u>, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

## III.    Discussion:

Plaintiff generally argues that there is not substantial evidence to support the ALJ's decision.  A reading of Plaintiff's appeal brief indicates that he is more specifically arguing the following: 1) The ALJ erred when he found Plaintiff did not have a severe mental impairment; 2) The ALJ erred in his RFC determination; and 3) The ALJ erred in his credibility analysis. (Doc. 13).

### A.    Whether Plaintiff Suffered from Severe Mental Impairment:

Plaintiff argues that his medical records document his struggle with depression.  It is initially noteworthy that Plaintiff did not list depression or any other mental impairment in his application documents (Tr. 169), which is significant  <u>Dunahoo v. Apfel</u>, 241 F.3d 1033, 1039 (8th Cir. 2001).  In addition, there is no evidence that Plaintiff sought or received any treatment for alleged mental impairments during the relevant time period.

An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities

-4-

that would have no more than a minimal effect on an individual's ability to work.  20 C.F.R. § § 404.1521, 416.921.  The Supreme Court has adopted a "de minimis standard" with regard to the severity standard.  <u>Hudson v. Bowen</u>, 870 F.2d 1392, 1395 (8th Cri. 1989).

On April 13, 2011, Plaintiff underwent a Mental Diagnostic Evaluation by W. Charles Nichols, Psy.D. (Tr. 343-348).  Plaintiff denied he had ever consulted about or been diagnosed with a mental health disorder, stating that he did not have the money to afford such an assessment. (Tr. 343).  Plaintiff also denied any past problems with alcohol, despite four DWI convictions and a public intoxication charge. (Tr. 345). Plaintiff acknowledged use of methamphetamine as recently as nineteen months prior. (Tr. 345).   Dr. Nichols reported that Plaintiff's effort was strongly considered suspect due to response latency, and that his performance was also unusually poor, even compared to individuals with memory impairment. (Tr. 346).  Symptom validity testing was conducted, and his performance on two computerized measures of test effort and symptom validity with memory tasks were failing and "more consistent with a group of patients asked to fake impairment." (Tr. 347).  Dr. Nichols concluded that the three instruments, as well as suboptimal performance on the digit span procedure and self-report inconsistencies "suggest the possibility of malingering in the form of symptom exaggeration." (Tr. 347). Dr. Nichols diagnosed Plaintiff as follows:

| | |
|---|---|
| Axis I: | Adjustment Disorder with depressed Mood, Chronic |
| | Alcohol Dependence, Sustained Full Remission (per claimant, underreporting suspected) |
| Axis II: | No Diagnosis |
| Axis V: | GAF - 60-65 (current) |

(Tr. 347).  Dr. Nichols found that based on Plaintiff's alleged mental symptoms of depression, along with evidence of symptom exaggeration, no clear conclusions regarding the impact on his

activities of daily living could be formed, and malingering was suspected in the form of symptoms exaggeration. (Tr. 348).

On May 17, 2011, non-examining consultant Sheri L. Simon, Ph.D., concluded that the medical records supported a conclusion that there was no evidence of a severe mental impairment. (Tr. 405). On August 12, 2011, non-examining consultant, Cheryl Woodson-Johnson, Psy.D., reviewed the file and affirmed Dr. Simon's mental determination as written. (Tr. 412).

The ALJ addressed the diagnosis of Dr. Nichols, noting that Dr. Nichols found little information to suggest Plaintiff was any more than mildly limited by his mental impairments. (Tr. 14).  He also noted that Dr. Nichols found that Plaintiff was able to interact in a socially adequate manner, maintain adequate concentration, and respond to mental status tasks at an adequate pace, and noted exaggerated depressive symptoms during testing.

Based upon the record as a whole, the Court finds that Plaintiff failed to present evidence showing that his depression had more than a minimal effect on his ability to perform basic work activities, and there is therefore substantial evidence to support the ALJ's findings that his alleged mental impairment was non-severe.

**B.      RFC Determination:**

Plaintiff argues that due to Plaintiff's severe physical limitations caused by his chronic back pain, he is more limited than the ALJ concluded in his RFC.  RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations.  Guilliams v. Barnhart, 393

-6-

F.3d 798, 801 (8th Cir. 2005); <u>Eichelberger v. Barnhart</u>, 390 F.3d 584, 591 (8th Cir. 2004).

Limitations resulting from symptoms such as pain are also factored into the assessment.  20

C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that

a "claimant's residual functional capacity is a medical question."  <u>Lauer v. Apfel</u>,  245 F.3d 700,

704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be

supported by medical evidence that addresses the claimant's ability to function in the workplace.

<u>Lewis v. Barnhart</u>, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth

specifically a claimant's limitations and to determine how those limitations affect his RFC."  <u>Id</u>.

In his decision, the ALJ discussed Plaintiff's medical records, which reflect that a MRI

was performed on April 14, 2010. (Tr. 221).  The MRI revealed mild degenerative change

consistent with osteoarthritis and degenerative disk disease; mild spinal stenosis, most

pronounced in association with the lower lumbar spine; suspicions for small right paracentral

HNP at the L3-L4 level; and posterior central disk bulges were suggested at the L4-L5 and L5-

S1 level. (Tr. 221).  The ALJ noted that Plaintiff was prescribed pain medication and a muscle

relaxer, and Plaintiff reported only temporary relief with physical therapy. (Tr. 16).

A Physical RFC Assessment was completed by non-examining consultant, Dr. Jim

Takach, on March 8, 2011. (Tr. 309-313). Dr. Takach found Plaintiff would be able to perform

sedentary work with certain limitations. (Tr. 310-311). Dr. Takach's findings were affirmed by

Dr. Alice M. Davidson on August 14, 2011. (Tr. 413).

On April 11, 2011, Plaintiff presented to North Arkansas Regional Medical Center,

complaining of back pain, at which time it was reported that he had normal range of motion in

his extremities, and he was diagnosed with lumbar radiculopathy. (Tr. 383-384).  An April 13,

2011 record reveals that Plaintiff smoked one pack of cigarettes per day and that he was able to ambulate with minimal problems. (Tr. 379-380).

Plaintiff presented to St. Johns Hospital on May 2, 2011, complaining of chronic low back pain and right leg pain, and was seen by Dr. Ron Ellis,. (Tr. 388-393). Dr. Ellis reported that Plaintiff was able to walk without difficulty, smoked a half a pack of cigarettes per day, and that his gait was mildly antalgic with a limp favoring the right leg. (Tr. 392). Dr. Ellis diagnosed Plaintiff with low back pain, degenerative disc disease, herniated lumbar intervertebral disc, and thoracic or lumbosacral neuritis or radiculitis. (Tr. 393).

On August 26, 2011, Plaintiff was seen by Dr. Richard Chitsey, at Main Street Medical Clinic, complaining of chronic back pain. (Tr. 416). Dr. Chitsey assessed him with lumbago. (Tr. 417).  Plaintiff saw Dr. Chitsey again on February 8, 2012, and on September 19, 2012, for his back pain, and was again diagnosed with lumbago. (Tr. 422, 427).   After the ALJ entered his decision, Dr. Chitsey wrote a letter, dated February 4, 2013, which stated, in part:

> Obviously he cannot do any of those professions [prior work] anymore with this back, and it's my opinion that the medication that we use to control his back pain would preclude him from doing either of those jobs or essentially any job that requires him to operate heavy equipment. Any consideration you could give him in this matter would be greatly appreciated.

(Tr. 435).  This letter was considered by the Appeals Council. (Tr. 5).  When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner.  We then have no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action.  See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new

-8-

evidence made part of the record by the Appeals Council that was not before the ALJ.  As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994).  However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997).  Thus, we have endeavored to perform this function with respect to the newly submitted evidence.

Considering the additional evidence presented to the Appeals Council, the Court finds that even Plaintiff's treating physician, Dr. Chitsey, only restricted Plaintiff from working at his past jobs, or a job that required him to operate heavy equipment.  Such opinion does not violate the requirements of the ALJ's RFC of sedentary work with certain limitations.  Accordingly, had the ALJ had the additional evidence before him, the outcome would not have been different, and the Court finds there is substantial evidence to support the ALJ's RFC determination.

**C.      Credibility Analysis:**

In his decision, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to a certain extent.  (Tr. 15).  The ALJ noted the inconsistencies in Plaintiff's statements which were reported by Dr. Nichols in his evaluation, such as the fact that Plaintiff stated his driver's license was suspended due to a DWI conviction in 2003, but he has continued to drive as needed, despite not having a license, back and forth to work. This statement conflicted with his statement

-9-

AO72A
(Rev. 8/82)

on the DDSSA form, where he denied driving. The ALJ also noted that Plaintiff reported that he needed help with showering and dressing, but was able to drive as needed and fix simple meals for himself. (Tr. 16). The ALJ also mentioned the fact that when Plaintiff saw Dr. Chitsey in August 2011, he reported taking no medications at the time of the visit. Although Plaintiff indicated he could not afford to see a neurosurgeon, he was able to afford to smoke cigarettes, which discredits his disability allegations. See Lewis v. Barnhart, 353 F.3d 642, 647 (8th Cir. 2003); Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999); Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility analysis.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds there is substantial evidence to support the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 8th day of April, 2015.


                                        /s/ Erin L. Setser
                                        HONORABLE ERIN L. SETSER
                                        UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)